# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. LIGHT,<br>CDCR # G-03158<br><br>             Plaintiff,<br><br>vs.<br><br>JOAN WEBER; R. WATSON;<br>EMILY HARMON; TIMOTHY<br>CASSERLY<br><br>             Defendants. | Civil No.   08cv1027 BTM (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

////

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

1 | 27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
2 | 2000) (§ 1915A).

3 |     Plaintiff's Complaint is subject to immediate dismissal because he is seeking monetary
4 | damages from Defendants who are immune from such relief. While his Complaint is not entirely
5 | clear, it appears that Plaintiff is seeking monetary damages from the San Diego Superior Court
6 | Judge who presided over his criminal trial, along with the Deputy District Attorney who
7 | prosecuted him and his court appointed Deputy Public Defender.

8 |     To the extent that Plaintiff is attempting to hold the Deputy Public Defender assigned to
9 | his case liable for his current incarceration, his claims must be dismissed. A person "acts under
10 | color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of
11 | state law and made possible only because the wrongdoer is clothed with the authority of state
12 | law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*,
13 | 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial,
14 | do not generally act under color of state law because representing a client "is essentially a
15 | private function ... for which state office and authority are not needed." *Polk County*, 454 U.S.
16 | at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when
17 | publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating
18 | possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color
19 | of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk
20 | County*, 454 U.S. at 320-25.

21 |     Accordingly, Plaintiff's claims against Emily Harmon must be dismissed for failing to
22 | state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

23 |     In addition, Plaintiff's claims against Deputy District Attorney Watson must be
24 | dismissed for seeking monetary damages against an immune defendant. Criminal prosecutors
25 | are absolutely immune from civil damages suits premised upon acts committed within the scope
26 | of their official duties which are "intimately associated with the judicial phase of the criminal
27 | process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509
28 | U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune

even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

In addition, to the extent Plaintiff seeks damages under § 1983 against Judge Weber, she is also entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Ashelman*, 793 F.2d at 1075 ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Finally, Plaintiff refers to Timothy Casserly whom he alleges is an "Attorney for the State" but he also refers to Defendant Casserly as the "Probation Hearing Judge." (Compl. at 2.) The exact status of this Defendant is not clear. However, if this Defendant is a prosecuting attorney, he would be entitled to absolute immunity for any actions committed in the scope of his role as a prosecutor. *Imbler*, 424 U.S. at 430. If Defendant Casserley is in fact, a judicial officer, he would be entitled to absolute judicial immunity for any acts taken in his judicial capacity. *Ashelman*, 793 F.2d at 1075. Here, Plaintiff's Complaint is far from clear and if Plaintiff attempts to amend his Complaint, he should clearly identify the role of the named Defendants.

Thus, Plaintiff's claims against Defendants Watson, Weber and Casserly are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief.

The Court finds that Plaintiff's Complaint must be dismissed sua sponte for seeking monetary damages against immune defendants and for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for seeking monetary damages against immune defendants and for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: September 5, 2008

Honorable Barry Ted Moskowitz
United States District Judge